## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| ViewRay, Inc., *et al.*, | : | Case No. 23-10935 (KBO) |
| | : | |
| Debtors.[1] | : | |
| | : | (Jointly Administered) |
| | : | |
| GEORGE L. MILLER, in his capacity as | : | |
| Chapter 7 Trustee of the Bankruptcy Estates | : | |
| of ViewRay, *et al,*. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adversary No. 25-_____ (KBO) |
| | : | |
| Gibson, Dunn & Crutcher LLP., | : | |
| | : | |
| Defendant. | : | |
| | : | |

### COMPLAINT TO AVOID TRANSFERS
### PURSUANT TO 11 U.S.C. §§ 547 AND 548, RECOVER PROPERTY PURSUANT
### TO 11 U.S.C. § 550 AND DISALLOW CLAIMS UNDER 11 U.S.C. § 502

George L. Miller ("Trustee"), the Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the

bankruptcy estates of ViewRay., *et al.* (the "Debtors"), by and through his undersigned counsel,

brings this adversary complaint against Gibson, Dunn & Crutcher LLP., (the "Defendant"), and

alleges upon information and belief as follows:

### NATURE OF THE CASE

1.      This Complaint seeks to avoid and recover from the above-named Defendant, or

from any other person or entity for whose benefit the transfers were made, all preferential

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are ViewRay, Inc. (7485) and ViewRay Technologies, Inc. (8429). The mailing address for each of the Debtors is 2 Thermo Fisher Way, Oakwood, OH 44146.

transfers of property made for, or on account of, an antecedent debt, and to or for the benefit of the Defendant by the Debtors during the ninety (90) day period prior to the filing of the Debtors' bankruptcy petitions, pursuant to 11 U.S.C. §§ 547 and 550. Subject to proof, the Plaintiff also seeks to recover, pursuant to 11 U.S.C. § 548, any transfers on account of fraudulent transfers made by the Defendant. Subject to proof, the Plaintiff also seeks to recover, pursuant to 11 U.S.C. § 550, any transfers on account of pre-petition debt that cleared post-petition. If the Defendant has filed a proof of claim or has otherwise requested payment from the Debtors or the Estate, (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Plaintiff's right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502 (a) through (j), and such rights are expressly reserved. Notwithstanding this reservation of rights, the Plaintiff may seek certain relief pursuant to 11 U.S.C. § 502 as further stated below.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(E).

3.      Venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4.      This is a "core" proceeding pursuant to 28 U.S.C. § 157(b).

5.      This is an adversary proceeding brought under and pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and sections 547 and 550 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

6.      Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff states that he does consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent

of the parties, cannot enter final orders or judgments consistent with Article III of the United States

Constitution.

## **BACKGROUND**

7.      On July 16, 2023 (the "Petition Date"), the Debtors commenced these

jointly administered bankruptcy cases (collectively, the "Bankruptcy Cases") by each filing a

voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

8.      On October 26, 2024 (the "Conversion Date"), the Debtors' cases were

converted from chapter 11 proceedings to chapter 7 proceedings [D.I. 398].

9.      On or about the Conversion Date, the Office of the United States Trustee appointed

George L. Miller as the chapter 7 trustee for the Debtors' estates.

10.      Plaintiff, based on information and belief, alleges that Defendant is a corporation,

partnership, other incorporated association, or individual that may be served with process in this

action by mailing first class mail, postage prepaid, a true and correct copy of this Complaint and

Summons pursuant to Federal Rule of Bankruptcy Procedure 7004(b).  Also, Plaintiff, based on

information and belief, alleges that Defendant is a large law firm with various practice areas

including Tax, Antitrust and Competition, Administrative Law, etc..

11.      Prior to filing for bankruptcy, the Debtors business included designing,

manufacturing and marking MRIdian®, a magnetic resonance image-guided radiation therapy

system to simultaneously image and treat cancer patients.  The Debtors were an industry leader

with the world's first radiation therapy solution that enabled simultaneous radiation treatment

delivery and real-time magnetic resonance imaging of a patient's internal anatomy.  Its key

benefits included improved imaging and patient alignment, the ability to adapt the patient's

radiation treatment to changes while the patient was still on the treatment table, MRI-based tissue tracking and automated beam gating, and an accurate recording of the delivered radiation dose.

12.     On or within 90 days before the Petition Date, that is between April 17, 2023 through July 16, 2023 (the "Preference Period"), the Debtors continued operations, including the transfer of property, either by checks, cashier checks, wire transfers, direct deposit, or otherwise to certain entities, including the Defendant.

13.     The Plaintiff and his accountants have completed a review and an analysis of information of the Debtors contained within the Debtors' available books and records, and the Plaintiff is seeking to avoid the transfers of an interest of the Debtors' property made by the Debtors to the Defendant within the Preference Period (referred to herein as either a "Transfer" or the "Transfers").

14.     As of the Petition Date, the Debtors utilized a cash management system (the "Cash Management System") for the collection, transfer, and disbursement of funds in the Debtors' business[2].  As of the Petition Date, the Cash Management System consisted of several bank accounts (collectively, the "Bank Accounts") at Silicon Valley Bank, a division of First-Citizens Bank & Trust Company ("First-Citizens") (successor by purchase to the Federal Deposit Insurance Corporation as Received for Silicon Valley Bridge Bank, N.A. (as successor to Silicon Valley Bank)) ("SVB") and PNC Bank ("PNC") (collectively, and as may be amended, the "Banks").

15.     The Debtors drew upon the Bank Accounts to pay for their operational costs, including payment to their vendors, suppliers, distributors, and other creditors, including Defendant.

---

[2] *See Debtors' Motion for Entry of Interim and Final Orders Granting (I) Authority to (A) Continue Using Existing Bank Accounts, Business Forms, Cash Management System, and Pay All Fees Related Thereto and (B) Implement Ordinary Course Changes to Cash Management System, Including Opening and Closing Bank Accounts; (II) A Waiver of the Requirements of Section 345(b) of the Bankruptcy Code; and (III) Related Relief* (the "Cash Management Motion"), incorporated herein by reference [Case No. 23-10935, D.I. 13].

16.     Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the transfer(s), Plaintiff has determined that Plaintiff may avoid some or all of the transfers, even after taking into account Defendant's alleged affirmative defenses.

17.     During the course of this proceeding, the Plaintiff may learn (through discovery or otherwise) of additional transfers made to the Defendant during the Preference Period.  It is the Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property to or for the benefit of the Defendant or any other transferee.  The Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, and/or (iii) additional defendants (collectively, the "Amendments"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and to request that the Amendments to relate back to this original Complaint.

18.     Prior to initiating this Complaint, the Plaintiff and his accountants have reviewed the potential availability of the Defendant's affirmative defenses that may be available to it pursuant to 11 U.S.C. § 547(c).  The Plaintiff, after conducting reasonable due diligence based upon the information available to him at the time, has determined that the Defendant remains liable to the Debtors' bankruptcy estates after the application of such affirmative defenses.

## CLAIMS FOR RELIEF
### COUNT I

### (Avoidance of Preference Period Transfers - 11 U.S.C. § 547)

19.     The Plaintiff incorporated all preceding paragraphs as it fully re-alleged herein.

20.    Each Transfer was made to the Defendant by the Debtors.

21.    Each Transfer constituted a transfer of an interest in property of the Debtors.

22.    During the Preference Period, the Defendant was a creditor at the time of each Transfer by virtue of its provision to the Debtors of goods and services, for which the identified Debtors were obligated to pay following delivery, in accordance with all applicable agreements between the Debtors and Defendant.  See Exhibit "A."

23.    Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1), because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtors under all applicable agreements between the Debtors and Defendant.

24.    Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtors to the Defendant before such Transfers were made, as asserted by the Defendant, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of the Defendant prior to being paid by the Debtors.

25.    Each Transfer was made while the Debtors were insolvent.  The Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

26.    Each Transfer was made during the Preference Period.  See Exhibit "A."

27.    As a result of each Transfer, the Defendant received more than the Defendant would have received if: (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant received payment of its debts under the provisions of the Bankruptcy Code.  The Debtors' liabilities exceed its assets to the point that unsecured creditors will not receive a full payout of their claims against the Debtors.

28.     In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II

### (Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(B))

29.     The Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

30.     Subject to proof, the Plaintiff pleads in the alternative that to the extent that one or more of the Transfers were not made on account of an antecedent debt owed by the Debtors, or were prepayments for goods subsequently received, the Debtors did not receive reasonably equivalent value in exchange for such Transfer(s) (the "Potentially Fraudulent Transfers"); and

31.     The Debtors were insolvent on the date that the Transfer(s) was made or became insolvent as a result of the Transfer(s); or

32.     The Debtors were engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtors was an unreasonably small capital; or

33.     The Debtors intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

34.     The Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. §548(a)(1)(B).

## COUNT III

### (Recovery of Avoided Transfers - 11 U.S.C. § 550)

35.     The Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

36.     The Plaintiff is entitled to avoid the above-described Transfers and Potentially Fraudulent Transfers pursuant to 11 U.S.C. §§ 547(b) and 548.

37. The Defendant was the initial transferee of the Transfers and Potentially Fraudulent Transfers, or the immediate or mediate transferee of such initial transferee, or was the person for whose benefit the Transfers were made.

38. Pursuant to 11 U.S.C. § 550(a), the Plaintiff is entitled to recover from the Defendant all Transfers and Potentially Fraudulent Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT IV

### (Disallowance of all Claims - 11 U.S.C. § 502(d) and (j))

39. The Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

40. The Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

41. The Defendant is a transferee of the above-described Transfers and Potentially Fraudulent Transfers, which are avoidable under 11 U.S.C. §§ 547 and 548.

42. The Defendant has not paid the amount of the Transfers and Potentially Fraudulent Transfers, or turned over such property, for which the Defendant is liable under 11 U.S.C. § 550.

43. Pursuant to 11 U.S.C. § 502(d), any and all Claims of the Defendant, and/or its assignees, against the Debtors' Estates or the Plaintiff must be disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of all of the avoidable and/or recoverable Transfers and Potentially Fraudulent Transfers, plus interest thereon and costs.

44.     Pursuant to 11 U.S.C. § 502(j), any and all Claims of the Defendant, and/or its assignees, against the Debtors' Estates or the Plaintiff previously allowed must be reconsidered and disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of all of the avoidable and/or recoverable Transfers and Potentially Fraudulent Transfers, plus interest thereon and costs.

### RELIEF REQUESTED

WHEREFORE, the Plaintiff respectfully requests that this Court enter an Order providing the following relief against the Defendant:

(a)     That the Transfers and Potentially Fraudulent Transfers be avoided under 11 U.S.C. §§ 547 and 548, in the total amount of $26,525.00 and judgment be entered in favor of the Plaintiff and against the Defendant in the amount of $26,525.00 plus costs;

(b)     That all Transfers and Potentially Fraudulent Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §§ 547 and 548 be recovered by the Plaintiff pursuant to 11 U.S.C. § 550;

(c)     That any Claims held by the Defendant and/or its assignee be disallowed until the Defendant satisfies the judgment being granted in this action, in accordance with 11 U.S.C. § 502(d) and (j);

(d)     That pre-judgment interest be awarded at the maximum legal rate running from the date of each Transfer to the date of judgment herein;

(e)     That post-judgment interest be awarded at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

(f)     That the Defendant be required to pay forthwith the judgment amount awarded in favor of the Plaintiff; and

(g)     That the Plaintiff be granted such other and further relief as the Court deems just and proper.

Respectfully submitted,

**BIELLI & KLAUDER, LLC**

Date:  July 16, 2025

/s/ David M. Klauder

David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE  19801
Phone: (302) 803-4600
dklauder@bk-legal.com

*Counsel to George L. Miller, Chapter 7
Trustee for the Bankruptcy Estates of
ViewRay Inc., et al.*